IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVAN HARVEY,
    Plaintiff,

vs.                                    Case No. 3:11cv437/MCR/CJK

PLOWMAN, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 25). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed. The undersigned has previously issued an amend order, advising plaintiff of the deficiencies in his theories of liability, and allowing him to amend. (Doc. 24).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections ("DOC") currently confined at Martin Correctional Institution ("Martin CI"). Plaintiff was confined at Martin CI when he filed the lawsuit. The present lawsuit concerns plaintiff's confinement at Santa Rosa Correctional Institution ("Santa Rosa CI"). Plaintiff's complaint names three defendants: Corrections Officer Plowman, Corrections Officer Roberts, and Corrections Officer Queasenberry. Plaintiff alleges that on December 2, 2009, he awoke to find water on the floor of his prison cell, which had accumulated there from heavy rain. (Doc. 25, p. 19). Plaintiff next claims

that he alerted Plowman about the water and its dangers, but Plowman ignored plaintiff's pleas for assistance. (Doc. 25, p. 19). Following a nap, plaintiff allegedly slipped in the water on his way to the toilet, and as a result fell backwards and hit his head and back on the concrete floor. (Doc. 25, p. 20). Following this incident, plaintiff was unable to stand up. (Doc. 25, p. 20). Plaintiff contends defendants Plowman, Roberts, and Queasenberry were aware of the plaintiff's condition, and ignored him, leaving him in the cold water on the floor for several hours. (Doc. 25, p. 21). Plaintiff further alleges that he was taken to the on-site medical facility, where he complained of a severe headache and pains in his back and neck. (Doc. 25, p. 22). Claiming a violation of his Eighth Amendment rights and deliberate indifference on the part of the defendants, plaintiff seeks "one million five hundred thousand ($1,500,000) in compensatory damages; and one million, five hundred thousand dollars ($1,500,000) in punitive damages and pain and suffering, and any other relief this court deems necessary and just." (Doc. 25, p. 24).

## DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts

in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim, because plaintiffs had "not nudged their claims across the line from conceivable to plausible"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Under FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court reiterated in *Iqbal*, 129 S. Ct. at 1949, although RULE 8 does not require detailed factual allegations, the rule does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *See id.* Rather, the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible . . . ." *See Twombly*, 550 U.S. at 555, 570.

A complaint is also subject to dismissal for failure to state a claim when the allegations—on their face—show that an affirmative defense bars recovery on the claim. *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for

failure to state a claim).

*Defendants' Negligence*

Plaintiff's claims, as presented, fail to state a viable claim under 42 U.S.C. § 1983. The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. The Eleventh Circuit summarized this standard in *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004):

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id*. at 9, 112 S. Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id*. at 35, 113 S. Ct. at 2481. Moreover, "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36, 113 S. Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." *Rhodes* [*v. Chapman*], 452 U.S. [336,] 347, 101 S. Ct. [2392,] 2399 [(1981)].

*Chandler*, 379 F.3d at 1289-90. The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991). Negligence does not suffice to satisfy this standard, *id*. at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: " [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837, 114 S. Ct. at 1979.

*Chandler*, 379 F.3d at 1289-90.

Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury. *See Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). To amount to a violation of the Constitution, the official's actions must be deliberate or reckless in the criminal sense. *See Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).

In order to hold defendants Plowman, Roberts, and Queasenberry liable under the Eighth Amendment, plaintiff must show that the water that accumulated on the cell floor posed a substantial risk of serious harm to inmate safety, and that these defendants knew of, and disregarded that risk by conduct that is more than gross negligence. Plaintiff's allegations fail to make that showing. "[S]lippery floors constitute a daily risk faced by members of the public at large." *Reynolds v. Powell*,

370 F.3d 1028, 1031 (10th Cir. 2004). This Court, as well as federal courts from other circuits have consistently held that slippery prison floors do not violate the Eighth Amendment. *See Reynolds*, 370 F.3d at 1031 (holding that slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (holding that "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (holding that inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioner made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."); *Robinson v. Cuyler*, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981) (dismissing prisoner's Eighth Amendment claim against prison officials for allegedly hazardous working conditions in prison kitchen caused by slick floor (resulting in prisoner sustaining serious injury when he slipped, fell and was burned by hot food from an overturned pot); concluding that a slippery floor does not inflict cruel and unusual punishment in violation of the Eighth Amendment); *Snyder v. Blankenship*, 473 F. Supp. 1208 (W.D. Va. 1979), *aff'd mem.*, 618 F.2d 104 (4th Cir. 1980) (dismissing prisoner's Eighth Amendment claim based on prisoner slipping and falling on slick prison kitchen floor caused by leaking dishwasher – even though prisoner offered proof of prison officials' knowledge of hazardous condition and past serious injuries resulting from slips and falls on the floor – prison officials' failure to remedy the situation "cannot be said as a matter of

federal law to be conduct shocking to the conscience or repugnant to civilized standards of a maturing society"); *see also, e.g., Harris v. Stalder*, 261 F. App'x 658 (5th Cir. 2008) (holding that prisoner's attempt to hold prison officials liable for physical injuries sustained when prisoner slipped and fell on wet prison kitchen floor failed to allege a viable deliberate indifference claim); *Beasley v. Anderson*, 67 F. App'x 242 (5th Cir. 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Lefall v. Johnson*, 48 F. App'x 104 (5th Cir. 2002) (prisoner's claim that he suffered back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Davis v. Corr. Corp. of Am.*, No. 5:07cv279/RS/EMT, 2008 WL 539057 (N.D. Fla. Feb. 22, 2008) (dismissing prisoner's Eighth Amendment claim for injury sustained when prisoner slipped and fell due to water on floor from leaking toilet).

In the present case, plaintiff's allegation that defendant Plowman knew there was water on the floor and failed to clean it up, does not establish conduct that is more than mere negligence. Plaintiff's amended complaint adds no additional substantive facts to his underlying claim. At the end of his amended complaint, plaintiff includes various assertions, unsupported by additional information, alleging that Plowman acted with a sufficiently culpable state of mind. (Doc. 25, p. 22). These unsupported assertions do not change the underlying analysis that Plowman's conduct was anything more than negligent. As plaintiff's complaint fails to state an Eighth Amendment claim that is plausible on its face, his claim against defendant Plowman should be dismissed.

As to plaintiff's complimentary allegation that after the slip and fall, defendants

left him "laying in cold water, on cold concrete, in the winter for almost two (2) hours[,]" (Doc. 25, p. 21), such a claim should also be dismissed due to plaintiff's failure to demonstrate how such indifference worsened his alleged injury or condition. Plaintiff's only claim of injury concerns his initial slip and fall. Plaintiff makes mention of the possibility of contracting pneumonia or a cold, but never alleges that he actually became ill. In fact, a comparison of the original and amended complaints shows that the plaintiff repeated the language of the original complaint almost verbatim in his amended complaint, making none of the changes required in the amend order.

*Deliberate Indifference*

Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837, 114 S.Ct. at 1979 (1994). Plaintiff must show (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Proof that defendant should have but did not perceive a risk is insufficient. *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999). An official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay. *See Hill v. DeKalb Reg'l Youth Detention Ctr.,* 40 F.3d 1176, 1187-88 (11th Cir. 1994) *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002)); *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994) (sheriff was not entitled to qualified immunity where he

intentionally delayed treatment that sheriff knew had been prescribed for inmate's serious medical need); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (failure to provide prompt attention to serious medical needs by delaying medical treatment for nonmedical reasons constitutes deliberate indifference). "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition and considering the reason for delay." *Hill* at 1189. "Where the delay results in an inmate's suffering 'a life-long handicap or permanent loss, the medical need is considered serious.'" *Id.* at 1188.

Plaintiff alleges that defendants' actions resulted in "a severe head-ache and sharp pains in my back or neck." (Doc. 25, p. 22). Plaintiff fails to suggest how the defendants delay in their response to plaintiff's injury exacerbated his condition. Plaintiff's alleged injuries, a head-ache and shooting pains, were caused by the slip and fall accident. As discussed above, at most the slip and fall is a result of negligence, and is not actionable under § 1983. *See supra* pp. 6-7. Plaintiff does not detail how the delay in responding to the accident made these injuries worse, nor does plaintiff detail any injuries that were caused by lying in the cold water and concrete for two hours. *See supra* pp. 7-8. Plaintiff has been given the opportunity to amend, and has been advised of the shortcomings in his original theory of liability. Because the facts as pleaded in the amended complaint do not correct the deficiencies already noted, and do not state a claim to relief that is plausible on its face, this complaint should be dismissed for failure to state a claim. *See Twombly*, 550 U.S. at 570.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).